IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-27257 MER |
| RICHARD DAVID PRESTON ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| DAVID BRADLEY ) | Adversary No. 10-1739 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD DAVID PRESTON ) | |
| ) | Signed/Docketed |
| Defendant. ) | October 6, 2011 |

**ORDER**

THIS MATTER comes before the Court on *Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. Rule 12(c) and Fed. R. Bankr. P. Rule 7012* filed by Defendant, Richard David Preston ("Preston"), and the *Response to Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. Rule 12(c) and Fed. R. Bankr. P. Rule 7012* filed by Plaintiff, David Bradley ("Bradley").

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(I) as it concerns the dischargeability of particular debts.

**BACKGROUND**

On October 8, 2010, Bradley filed his Complaint in the above adversary proceeding. Defendant Richard Preston ("Preston") filed an Answer on December 2, 2010.

- The Complaint states Bradley holds a claim arising from a solicitation letter written by Preston to Bradley. As a result of this letter, Preston executed a $10,000 Promissory Note dated August 18, 2006, payable to Bradley (the "Note").

- The Complaint states the $10,000 owed by Preston on the date of the bankruptcy filing is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A)[1][2] and (a)(4),[3] although it does not set forth these assertions as separate claims for relief. Specifically, the Complaint alleges Preston's schedules reflect insufficient assets from which he could have repaid the Note, and alleges Preston obtained money from Bradley through misrepresentation and larceny, because Preston knew he would not repay the Note and took the money with the intent to deprive Bradley of it permanently.

- In addition, Bradley asserts he justifiably relied on Preston's misrepresentations. In addition to the Note, the Complaint contains an attachment of a portion of the transcript of the § 341 meeting of creditors held in the underlying bankruptcy case, in which Preston stated he spent the funds he received from the Note on expenses for his business, not for purchase of an investment as Bradley believed.

On July 5, 2011, Preston filed his *Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) made Applicable to Adversary Proceedings by Fed. R. Bankr. P. Rule 7056* (the "Summary Judgment Motion"). The Summary Judgment Motion was based entirely on Preston's assertion that Bradley's Complaint does not demonstrate any intent on Preston's behalf.[4]

On August 16, 2011, the Court entered its Order denying the Summary Judgment Motion. The Court reasoned:

> Typically, a motion for summary judgment will be filed accompanied by affidavits or other evidence to show lack of a genuine issue of material fact for trial. Here, however, Preston has presented only allegations, together with his contention he is entitled to summary judgment because Bradley has not demonstrated intent.[5] Thus, the only evidence before the Court is the Complaint, the Answer, and the Motion. The Complaint indicates a debt owed by Preston to Bradley, based on a promissory note which Bradley's Motion does not dispute. In addition, the Complaint,

---

[1] Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

[2] Section 523(a)(2)(A) excepts from discharge any debt for money, property services, or an extensions, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. 11 U.S.C. § 523(a)(2)(A).

[3] Section 523(a)(4) excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4).

[4] Bradley asserts Preston did not provide him with a copy of the Summary Judgment Motion resulting in Bradley's failure to respond to that motion.

[5] In this way, the Motion more closely resembles a motion to dismiss pursuant to FED. R. CIV. P. 12(b) than a motion for summary judgment.

accompanied by a transcript of the Section 341 meeting, alleges Preston did not intend to repay the debt. Further, the Complaint alleges misrepresentation, fraud, and larceny. Direct proof of intent or state of mind is virtually impossible to obtain, so a creditor in a dischargeability case may present evidence of the totality of the circumstances from which intent may be inferred.[6]

Therefore, the Court finds triable issues of fact remain as to the unsupported allegations regarding the Mexican limited liability company, and as to Preston's intent. For this reason,

IT IS ORDERED *Debtor/Defendant Motion for Summary Judgment Pursuant to FED. R. CIV. P. 56(d) Made Applicable to Adversary Proceedings by FED. R. BANKR. P. 7056* is hereby DENIED.[7]

On August 30, 2011, Preston filed his *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. Rule 12(c) and Fed. R. Bankr. P. Rule 7012* (the "Rule 12(c) Motion"). The Rule 12(c) Motion, although drafted in "stream of consciousness" format, appears to raise three issues in support of judgment on the pleadings in favor of Preston. Specifically, Preston argues the Complaint fails to (i) plead enough facts to state claim for relief that is plausible on its face as required by FED. R. CIV. P. 8(a)[8] and *Bell Atlantic Corp. v. Twombley*,[9] (ii) plead fraud with particularity as required by FED. R. CIV. P. 9(b),[10] and (iii) satisfy the factual predicate set forth in the Promissory Note[11] that Bradley designate in writing a place for repayment.

On September 13, 2011, Bradley filed his *Response to Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. Rule 12(c) and Fed. R. Bankr. P. Rule 7012* (the "Rule 12(c) Response"). The Rule 12(c) Response states: (i) the Complaint provides a short and plain statement of the claims as required by Rule 8(a)(2), (ii) Bradley has met his burden of establishing issues of material fact relating to his claims by specifying the transaction between Bradley and Preston and providing evidence of Preston's intent via the Complaint and the § 341 transcript, (iii) the Court already ruled in its Summary Judgment Order there are triable issues of material fact, and (iv) Preston admitted during his § 341 testimony he used the money borrowed

---

[6] *See, Northland National Bank v. Lindsey (In re Lindsey)*, 443 B.R. 808, 815 (8th Cir. BAP 2011); *First National Bank v. Cribbs (In re Cribbs)*, 327 B.R. 668, 673 (10th Cir. BAP 2005).

[7] Summary Judgment Order, pp. 2-3.

[8] Hereafter "Rule 8."

[9] 550 U.S. 544, 570 (2007).

[10] Hereafter "Rule 9."

[11] Exhibit 1 to the Complaint.

from Bradley to pay personal debts or debts and obligations of other limited liability entities not related to the transaction that is the subject of the Complaint.

## DISCUSSION

Although the thrust of Preston's argument is based upon Rules 8(a) and 9(b), which are more akin to motions to dismiss under Rule 12(b)(6), Preston brings the instant motion before this Court under FED. R. BANKR. P. 12(c).[12]  Therefore, it is first necessary to examine the Rule 12(c) Motion in the context of Rule 12(c), then under Rules 8(a) and 9(b).

*Rule 12(c)*

Rule 12(c) provides a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial.[13]  Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings, which generally is after an answer is filed.[14]  A Rule 12(c) motion is directed at the same question as a Rule 56 motion – whether any genuine issue of fact is presented.[15]  It is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the case can be achieved by focusing on the content of the pleadings.[16]

"Defendant's motion for judgment on the pleadings must be denied unless it appears to a certainty that plaintiffs are entitled to no relief under any state of facts that could be proved in support of its claim."[17]  Allegations in a complaint are to be construed in a light most favorable to the plaintiff when deciding a Rule 12(c) motion.[18]

Here, the Court is confined to the Complaint, the Answer, the Rule 12(c) Motion and the Rule 12(c) Response.  Each of those pleadings demonstrate triable issues of material fact remain, precluding judgment under Rule 12(c).  Specifically, those pleadings, including the Court's Summary Judgment Order, acknowledge either directly or indirectly that "intent" raises a genuine issue of material fact.  The Summary Judgment Order further notes disputed facts remain concerning the Mexican limited liability company and its involvement in the underlying

---

[12] Hereafter "Rule 12".

[13] FED. R. CIV. P. 12(c).

[14] 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1367 at 215 (3d ed. 2004).

[15] *Mullaney v. Albertson's, Inc. (In re Mullaney)*, 179 B.R. 942, 945 (D. Colo. 1995) (emphasis added).

[16] *Id*.

[17] *Id*. (citing *Brown v. Bullock*, 194 F.Supp. 207 (D. N.Y. 1961), *affirmed*, 294 F.2d 415 (2nd Cir. 1961)).

[18] *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

transaction. These findings alone clearly demonstrate the need for the presentation of evidence at trial.[19]

Additionally, the Rule 12(c) Motion is defeated when the allegations in the Complaint are construed in a light most favorable to Bradley. The Complaint alleges Preston's schedules reflect insufficient assets from which he could have repaid the promissory note, and alleges Preston obtained money from Bradley through misrepresentations and larceny, because Preston knew he would not repay the note, and took the money with the intent to deprive Bradley of it permanently. In addition, Bradley asserts he justifiably relied on Preston's misrepresentations.[20] The Complaint also contains an attachment of a portion of the transcript of the section 341 meeting of creditors held in the underlying bankruptcy case, in which Preston stated he spent the funds he received from the loan on expenses for his business, not for purchase of an investment as Bradley believed.[21] These allegations are sufficient to meet the threshhold requirement that Bradley is entitled to relief on the facts as plead in the Complaint.

*Rules 8(a) and 9(b)*

Rule 8(a) provides in relevant part: "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."[22] Rule 9(b) however, requires, [i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[23] "Compliance with Rule 9(b) provides a defendant with fair notice of the plaintiff's claims and the factual grounds upon which they are based."[24] "Simply stated, a complaint must 'set forth the time, place and contents of the

---

[19] Preston's Rule 12(c) Motion may also fail under the law of the case doctrine inasmuch as a motion under Rule 12(c) requires the same analysis as a motion for summary judgment under Rule 56. "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. LaHue*, 261 F.3d 993, 1010 (10th Cir. 2001). It "applies to issues previously decided, either explicitly or by necessary implication." *Octagon Res., Inc. v. Bonnett Res. Corp. (In re Meridian Reserve, Inc.)*, 87 F.3d 406, 409 (10th Cir. 1996). Accordingly, the Court's Summary Judgment Order may also have a preclusive effect on Preston's arguments for a judgment on the pleadings under Rule 12(c) because the Court, in reviewing the same Complaint and Answer presented here, already found genuine issues of material fact to exist, thereby precluding judgment under Rule 56.

[20] Complaint, ¶¶ 6–20.

[21] Complaint, Exhibit 2 attached thereto, pp. 29-30.

[22] FED. R. CIV. P. 8(a)(2).

[23] FED. R. CIV. P. 9(b). *Allen v. United Properties & Constr., Inc.*, 2008 U.S. Dist. LEXIS 67154, 2008 WL 4080035, at *13 (D. Colo. Sept. 3, 2008) (quoting *Jurgens v. Abraham,* 616 F.Supp. 1381, 1386 (D. Mass. 1985)).

[24] *Id.* (citing *United States v. Cheng,* 184 F.R.D. 399, 401 (D. N.M. 1998).

false representation, the identity of the party making the false statements and the consequences thereof.'"[25]

The dismissal of a claim for failing to satisfy Rule 9(b) is treated as a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[26] In ruling on a motion to dismiss under Rule 12(b)(6), all factual allegations must be accepted as true and all reasonable inferences must be drawn in favor of the pleader. A claim should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him or her to relief.[27]

Here, the Complaint, although not clearly or artfully drafted, does present allegations sufficient to meet the requirements of Rules 8(a) and 9(b) in the context of §§ 523(a)(2)(A)[28] and (a)(4).[29] It does not make conclusory statements or allegations so threadbare that it undermines Preston's ability to defend against those claims on an informed basis. As noted above, the Complaint alleges Preston's schedules reflect insufficient assets from which he could have repaid the promissory note, and alleges Preston obtained money from Bradley through misrepresentations and larceny, because Preston knew he would not repay the Note, and took the money with the intent to deprive Bradley of it permanently. In addition, Bradley asserts he justifiably relied on Preston's misrepresentations.[30] The Complaint also contains an attachment of a portion of the transcript of the § 341 meeting of creditors held in the underlying bankruptcy case, in which Preston stated he spent the funds he received from the loan on expenses for his business, not for purchase of an investment as Bradley believed.[31]

Indeed, the Complaint states with the necessary specificity the context of the dispute (the transaction itself via the Note), allegations of Preston's intent related to the transaction (both with respect to an intent to deceive Bradley and to deprive Bradley of property via the § 341 transcript), representations concerning damages suffered by Bradley, as well other, general allegations derived from the transaction in such a manner that Preston is provided more than

---

[25] *Id.* (quoting *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir. 1997)).

[26] *Ambraziunas v. Bank of Boulder,* 846 F. Supp. 1459, 1462 (D. Colo. 1994).

[27] *Id.*

[28] In order to prevail on a claim under § 523(a)(2)(A), the creditor must prove the debtor made a representation, the debtor knew the representation was false when made, the debtor made the representation with the intent to deceive, the creditor reasonably relied on the representation, the creditor was injured as a result of that reliance, and the creditor's injury was the proximate result of the false representation.

[29] In order to prevail on a claim under § 523(a)(4), the creditor must prove the debtor stole or otherwise retained the property of another with the intent to permanently deprive that party of the property.

[30] Complaint, ¶¶ 6–20.

[31] Complaint, Exhibit 2 attached thereto, pp. 29-30.

adequate information to be able to respond to the Complaint on its merits.  In fact, Preston did respond and did present triable issues of fact when he filed his Answer on December 2, 2011.  The Answer itself is substantive in its responses, clearly indicating Preston was informed enough to respond to the Complaint rather than just assert general denials.  Moreover, when the Complaint and Answer are read together, they create a record of allegations replete with genuine issues of material fact when, if proven by Bradley, would entitle him to the requested relief.

*Condition Precedent*

Finally, Preston argues Bradley has not alleged the "condition precedent" of his claims – that Preston should have designated in writing the place for repayment as set forth in the first paragraph of the Note.  It is true there is no allegation in the Complaint setting forth a demand for payment as required by the Note; however, it is entirely possible Bradley will be able to provide some documentary or testamentary evidence on that subject.  Accordingly, that argument also fails under Rule 12(c) inasmuch as it too raises an issue of fact requiring additional evidence.

## CONCLUSION

Based on its review of the Complaint, the Answer, the Rule 12(c) Motion, the Rule 12(c) Response and the Summary Judgment Order previously entered, the Court concludes the Complaint filed by Preston is sufficient to withstand the challenges raised by Bradley under Rules 12(c), 8(a), and (9).  Accordingly,

IT IS HEREBY ORDERED *Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. Rule 12(c) and Fed. R. Bankr. P. Rule 7012* is DENIED.

Dated October 6, 2011

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge